UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHANE WELLS, ET AL.**                                                                 **CIVIL ACTION**

**VERSUS**

**STATE FARM FIRE AND
CASUALTY COMPANY, ET AL.**                                                **NO. 25-274 EWD**

**NOTICE AND ORDER**

      This is a civil action for damages arising out of a wind storm that occurred on April 9, 2024.[1] On February 8, 2025, Plaintiffs Shane Wells, Kenya Wells, and Noland Law Office, L.L.C. filed their Petition ("Petition") against State Farm Fire and Casualty Company ("State Farm") and EFCU Financial Foundation Inc. ("EFCU") in Louisiana state court.[2] Plaintiffs allege that wind damage to their property, mortgaged with EFCU, is covered by an insurance policy issued by State Farm.[3] Plaintiffs further allege that their property "suffered extensive damage and diminution in value as a result of a wind storm," and that State Farm has failed to settle the full extent of the Plaintiffs' property damage within 30 days after receipt of satisfactory proof of loss of the claim, in violation of La. R.S. 22:1892.[4] In connection with these claims, Plaintiffs seek damages, statutory penalties and attorney's fees.[5] On April 3, 2025, State Farm removed the matter to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332.[6]

      Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

---

[1] R. Doc. 1, pp. 1-2.

[2] *Id.*

[3] R. Doc. 1-1, pp. 1-4.

[4] *Id.*

[5] *Id.*

[6] R. Doc. 1, ¶ 3.

The Notice of Removal alleges that Plaintiffs submitted an estimate to State Farm estimating $92,931.42 in damages and $46,662 in attorney fees, and State Farm has not made any payments to Plaintiffs.[7] Furthermore, a letter from Plaintiffs is attached to the Notice of Removal, demanding $140,000, excluding any applicable statutory penalties.[8] Therefore, the amount in controversy requirement appears to be met.[9]

The Notice of Removal adequately alleges that Plaintiffs Shane and Kenya Wells are Louisiana citizens and that Noland Law Office, L.L.C. is a limited liability company with one member, Erik Noland, a Louisiana citizen.[10] The Notice of Removal also adequately alleges that State Farm is an Illinois corporation with its principal place of business in Illinois.[11]

Plaintiff's Petition affirmatively alleges that EFCU is a Louisiana corporation with its principal place of business in Louisiana, which State Farm does not dispute.[12] Although EFCU is non-diverse from Plaintiffs, which would generally destroy diversity subject matter jurisdiction, State Farm argues that EFCU was improperly joined as a defendant in this matter because "Plaintiffs have failed to state a claim upon which relief can be granted against EFCU under Louisiana law."[13]

Plaintiffs' Petition asserts that "[p]er the mortgage, any payments from State Farm will include EFCU as a payee," and as a result Plaintiffs will be unable to use the proceeds to repair their home unless State Farm "agrees to issue checks without EFCU as a payee or EFCU agrees to

---

[7] R. Doc. 1, ¶¶ 10-11 and *see* the estimate at R. Doc. 1-3, pp. 2-5.
[8] R. Doc. 1-3, pp. 6-7.
[9] *See* 28 U.S.C. § 1332(a).
[10] R. Doc. 1 ¶¶ 7-8, citing R. Doc. 1-1, ¶ 1.
[11] R. Doc. 1, ¶ 6.
[12] R. Doc. 1, ¶ 9 and R. Doc. 1-1, ¶ 1.
[13] R. Doc. 1, ¶ 9.

endorse any Payment."[14] However, the Petition further alleges upon information and belief that that EFCU, "per its policy," refuses to endorse insurance payments and turn them over to Plaintiffs, without any legal basis.[15] Plaintiffs pray that "there be a declaratory judgment rendered herein in [their] favor declaring the proper administration and manner of payment to all named parties...."[16]

State Farm argues that these allegations fail to state a cause of action against EFCU because there is no actual or justiciable controversy between Plaintiffs and EFCU at this time, as Plaintiffs' allegations against EFCU are "based on 'contingent future events that may not occur as anticipated or indeed may not occur at all.'"[17] Specifically,

> Here no check has been issued by State Farm under the claim as it fell below the Wells' deductible. Thus, there could never have been a time in the past when State Farm issued a check to Plaintiffs and EFCU and insisted on being named on the check. If State Farm were found liable in this case, and if State Farm therefore had to issue a check to Plaintiffs, nobody can know whether EFCU will insist on being named on that check because nobody can predict the future. Because EFCU has not yet taken the action that Plaintiffs believe would be improper, there is no actual or justiciable controversy between the parties at this time.[18]

State Farm further argues that Plaintiffs are unable to obtain a declaratory judgment against EFCU, as declaratory judgments require an actual controversy under Louisiana law and under 28 U.S.C. §2201(a).[19]

As Plaintiffs currently assert a claim against a non-diverse Defendant, Plaintiffs will be required to file either a motion to remand, if Plaintiffs believe they have a reasonable likelihood

---

[14] R. Doc. 1-1, ¶ 22.

[15] R. Doc. 1-1, ¶ 23.

[16] R. Doc. 1-1, ¶ 28.

[17] R. Doc. 1, ¶ 14.

[18] R. Doc. 1, ¶ 14.

[19] *Id*.

3

of recovery against EFCU,[20] or an amended complaint deleting all claims against EFCU if Plaintiffs agree that EFCU is improperly joined.

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the proper parties are completely diverse.[21]

Accordingly,

**IT IS ORDERED** that, **on or before April 30, 2025**, Plaintiffs Shane Wells, Kenya Wells and Noland Law Office, L.L.C. shall address the citizenship issue discussed in this Order regarding Defendant EFCU Financial Foundation Inc. by filing either: (1) a motion to remand, if Plaintiffs believe that they have a reasonable likelihood of recovery against EFCU, or (2) a motion for leave to with a self-contained Amended Complaint attached that deletes all claims against EFCU Financial Foundation Inc.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on April 16, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) ("To establish that a non-diverse defendant has been [improperly] joined to defeat diversity jurisdiction, the removing party must prove ... that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [in-state] defendant."). *See also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant.").

[21] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").